Sixto SALCIDO, Plaintiff–Appellant,

v.

David ZAREK, M.D.;  Charles Dudley Lee, M.D.;  Robert Bowman;  G. Lauber, Defendants–Appellees.

No. 06–15697.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 18, 2007.

Filed May 24, 2007.

---

Sixto Salcido, Soledad, CA, pro se.

Kay K. Yu, DAG, AGCA–Office of the California Attorney General, San Francisco, CA, for Defendants–Appellees.

Before: HALL and O'SCANNLAIN, Circuit Judges, and GONZALEZ *, Chief District Judge.

### MEMORANDUM **

Sixto Salcido, a California state prisoner, appeals the district court's order granting summary judgment to the defendant prison medical officials in his action under 42 U.S.C. § 1983. He argues that there were triable issues of fact as to whether the defendants exhibited "deliberate indifference" to his pain, that the district court abused its discretion by not appointing him counsel and an expert witness, and that the district court abused its discretion by denying his motion for reconsideration and leave to amend. Because the parties are aware of the facts and proceedings below, we do not recite them here. We affirm.

"Under 42 U.S.C. § 1983, to maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). Prison officials demonstrate "deliberate indifference" when they are aware of the patient's condition but "deny, delay or intentionally interfere with medical treatment." *Id.* at 1096. Though a deliberate indifference claim may also rest on "the way in which prison physicians provide medical care," *McGuckin v. Smith*, 974 F.2d 1050, 1062 (9th Cir.1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997), mere negligence or the "inadvertent failure to provide adequate medical care," will not sustain a § 1983 claim, *Estelle*, 429 U.S. at 105, 97 S.Ct. 285.

■ We find that Salcido has failed to raise any facts that would suggest more than negligence on the part of any of the defendants. The contention that Dr. Zarek should have performed a second surgery, even though he determined it would be medically unnecessary, states at most a medical malpractice claim. *See id.* ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Salcido also argues that Dr. Zarek ignored requests for more pain medication at the check-up after his surgery. A close examination of Salcido's declaration reveals, however, that the requested medication had already been prescribed the day of his surgery. Moreover, Salcido has failed to show that Dr. Zarek was responsible for the alleged non-delivery of the prescribed medications. *See McGuckin*, 974 F.2d at 1062.

---

* The Honorable Irma E. Gonzalez, Chief Judge of the United States District Court for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Regarding Dr. Lee and Dr. Bowman, Salcido argues that they were on notice of his grievances through the prison appeals process and failed to provide him a therapeutic collar and pillow in a reasonable amount of time. Though we are troubled by the delays attending Salcido's ultimate receipt of these items, Salcido has failed to marshal evidence, direct or circumstantial, to show deliberate indifference to his needs going beyond negligence. *Estelle,* 429 U.S. at 105, 97 S.Ct. 285. Salcido's contentions regarding Lauber, the medical technician, are similarly deficient, especially given the absence of evidence that an interview with Lauber would have generated a more favorable result in Salcido's appeal, which he won in part. Therefore, the district court properly granted summary judgment to the defendants.

We also hold that the district court did not abuse its discretion in declining to appoint counsel because Salcido was not raising a particularly complex claim and failed to demonstrate a strong likelihood of success on the merits. *See Agyeman v. Corrections Corp. of America,* 390 F.3d 1101, 1103 (9th Cir.2004). Further, because Salcido's case does not depend on technical determinations but instead hinges on the intent of the prison administrators, the court's conclusion that it did not need to appoint an expert witness was clearly within its discretion.

Because we affirm the district court's grant of summary judgment on a de novo review of the record, we do not reach Salcido's argument that the district court erred in denying his motion for leave to amend and for reconsideration.

Therefore, as to each of Salcido's claims, the decision of the district court is

AFFIRMED.